**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICENTE SOLIS-PINON, AKA Vicente Solis, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 16-71146 <br><br> Agency No. A205-714-880 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020[**]

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Vicente Solis-Pinon, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to remand

and dismissing his appeal from an immigration judge's ("IJ") decision.  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

BIA's denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We review de novo due process claims in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Solis-Pinon's motion to remand to apply for asylum, withholding of removal, and relief under the Convention Against Torture because he failed to demonstrate prima facie eligibility for relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) ("The BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief."); *see also Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008) ("The formal requirements for a motion to reopen and a motion to remand are the same.").

We lack jurisdiction to consider Solis-Pinon's contention that he will be harmed on account of his political opinion. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). To the extent the social groups Solis-Pinon raises in his opening brief differ from what he raised to the agency, we lack jurisdiction to consider them. *Id*.

Solis-Pinon's contentions that the IJ and BIA violated his due process rights fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

We reject Solis-Pinon's contention that his appeal required review by a three-member panel of the BIA. *See* 8 C.F.R. § 1003.1(e)(6).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**